1   **COZEN O'CONNOR**
    Valerie D. Rojas, Esq. (CA Bar No. 180041)
2   601 South Figueroa Street, Suite 3700
    Los Angeles, California  90017
3   Telephone: (213) 892-7965
    Facsimile:  (213) 784-9076
4

5   **BAILEY CAVALIERI LLC**
    Keith A. Little, Esq., admitted *pro hac vice*
6   Sabrina Haurin, admitted *pro hac vice*
    10 West Broad Street, Suite 2100
7   Columbus, Ohio  43215-3422
    Telephone:  (614) 221-3155
8   Facsimile:   (614) 221-0479

9
    Attorneys for Plaintiff/Counter-Defendant
10  SCOTTSDALE INSURANCE COMPANY

11
    [Counsel for third party Cesca Therapeutics,
12  Inc. listed on next page]

13
                    **UNITED STATES DISTRICT COURT**
14
                    **EASTERN DISTRICT OF CALIFORNIA**
15
    SCOTTSDALE INSURANCE COMPANY,          No. 2:15-cv-00142-JAM DB
16  an Ohio corporation,
                                           **STIPULATION AND**
17                  Plaintiff,             **PROTECTIVE ORDER**

18          vs.

19  SYNGEN, INC., a California corporation,

20                  Defendant.

21

22

23

24

25

26

27

28

1  **DELFINO MADDEN O'MALLEY**
   **COYLE & KOEWLER LLP**
2  Monica Hans Folsom (CA Bar No. 227379)
   Kristin N. Ivanco (CA Bar No. 294993)
3  500 Capitol Mall, Suite 1550
   Sacramento, CA  95814
4  Telephone:     (916) 661-5700
   Facsimile:     (916) 661-5701
5
6  **NEAL GERBER EISENBERG LLP**
7  Tonya G. Newman, admitted *pro hac vice*
   Gregory G. Forfa, admitted *pro hac vice*
8  Two North LaSalle Street
   Suite 1700
9  Chicago, IL 60602-3801
   Telephone: (312) 269-8000
10 Facsimile:  (312) 269-1747
11
   Attorneys for CESCA THERAPEUTICS, INC.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No.: 2:15-cv-00142-JAM-DB

# 1.    PURPOSE AND LIMITATIONS

1.1    Purpose:  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Plaintiff Scottsdale Insurance Company ("Scottsdale" or "Plaintiff"), recognizing that Defendant SynGen Inc., ("SynGen" or "Defendant"), and Non-Party Cesca Therapeutics, Inc. ("Cesca") may have materials containing trade secret or other confidential research, technical, cost, price, sales, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c) have agreed to the terms of the Protective Order ("Order") as set forth below.  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.  Accordingly, the following Protective Order is hereby stipulated to.  This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Furthermore, as set forth in Section 12.4 below, this Protective Order does not entitle anyone to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party or Non-Party seeks permission from the Court to file material under seal.

1.2    Good Cause Statement:  As required by Civil Local Rule 141.1(c)(3), Scottsdale  submits that protection should be addressed by a Court Order, as opposed to a private agreement between or among the parties or with any third party or Non-Party, because of the nature of the claims at issue in this case.  In the underlying action styled *Cesca Therapeutics, Inc., v. SynGen Inc., et al.,* Case No. 2:14-cv-02085 (the "Underlying Action"), Cesca asserted claims for trade secret misappropriation against SynGen and various other defendants, and the violation of other contractual obligations owed to Cesca.  In its defense, SynGen claimed that it developed the

alleged trade secret technology. The Underlying Action involved the exchange of confidential and trade secret information and the current action here will also involve the exchange of confidential and trade secret information. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that is entitled to confidentiality, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. Information will not be designated as confidential for tactical reasons and nothing will be designated confidential without a good faith belief that it has been maintained in a confidential, non-public manner.

## 2. <u>DEFINITIONS</u>

    2.1   <u>Underlying Action:</u> *Cesca Therapeutics, Inc., v. SynGen Inc., et al.,* Case No. 2:14-cv-02085.

    2.2   <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3   <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). As a general guideline, "CONFIDENTIAL" information is material that a party reasonably believes constitutes, contains, reflects or discloses confidential, non-public information,

research and analysis, development or commercial or personal information, financial or business information, proprietary or trade secret information, Discovery Material protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

2.4 <u>NO DOCUMENT IS CONFIDENTIAL IF IT</u>:

    (a)    Was known to the receiving party without obligation of confidentiality prior to disclosure by the Producing Party, as evidenced by the receiving party's written records;

    (b)    Is subsequently disclosed to the receiving party by a third-party having no obligation of confidentiality to the Producing Party with respect to such information;

    (c)    Is independently developed by employee(s) of the receiving party who had no access to such information before such development; or

    (d)    Is published or becomes generally known to the public through means not constituting a breach of this Order or an obligation of confidentiality to the producing party.

    (e)    Furthermore, information already in the possession of the Receiving Party shall not become Confidential Information merely because the Producing Party produces copies stamped Confidential Information.

2.5 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel.

2.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the Parties' dispute who has been retained by a Party or its counsel to serve as an expert witness or as a consultant solely for the purpose of advising and assisting Outside Counsel of Record or giving expert testimony.

2.9    In-House Counsel:  attorneys who are employees of a Party.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:  Outside litigation counsel of record, and their paralegals, secretaries, and other support staff.

2.12   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would result in the disclosure of information only known on a "need-to-know basis" and generally not known by individuals not affiliated with a Party, including information in the categories of 1) trade secrets, 2) other highly sensitive research, 3) development, 4) production, 5) personnel, 6) commercial, 7) technical, 8) financial, or 9) business information (with information in these categories including but not limited to proprietary information, contracts, bids, corporate planning documents, strategic planning documents, documents that reveal market or customer analyses, competitive strategy, research and development documents, financial statements, and other financial or budgetary documents).  There is a particularized need for information in each of these categories to be covered by the Order in order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of serious harm that could not be avoided by less restrictive means.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order.  This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>:

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

///

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (in such a manner as will not interfere with the legibility thereof), on at least the first page of the document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") (in such a manner as will not interfere with the legibility thereof), on at least the first page of the document that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party will have 21 days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of the deposition transcript, that the entire transcript shall

Case No.: 2:15-cv-00142-JAM-DB

be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

Each deposition transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety until the expiration of the 21-day period for the Designating Party to specifically designate the deposition transcript, unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5.3     <u>Inadvertent Failures to Designate</u>:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>:  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

*///*

6.2    <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within ten days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging the designation under Civil Local Rule 251 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

6.4    <u>Burden of Persuasion</u>: The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

///

///

     Case No.: 2:15-cv-00142-JAM-DB

# 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this case.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner intended reasonably to ensure that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record, as defined in Section 2.10;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A;

(d)     the Court and its personnel;

(e)     Court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign Exhibit A; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record, as defined in Section 2.10;

(b)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4(a), below, have been followed;

(c)     the Court and its personnel;

(d)     Court reporters and their staff, Professional Vendors to whom disclosure is reasonable necessary for this;

(e)     professional jury or trial consultants, and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information as confirmed by written records.

///

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to Experts:

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Paragraph 7.3(b) first must make a written request to the Designating Party that sets forth the full name of the Expert and the city and state of his or her primary residence and attaches a copy of the Expert's current resume.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within ten days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 251 seeking permission from the Court to do so.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party, where such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, where such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

///

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non- Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non- Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) make every effort to prevent further disclosure by the Receiving Party and by the person(s) receiving the unauthorized disclosure, (d) inform the person(s) to whom unauthorized disclosures

were made of all the terms of this Order, and (e) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. __INADVERTENT PRODUCTION OF PROTECTED MATERIAL INFORMATION__

Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces any Protected Material without designating it with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or by designating it with an incorrect level of confidentiality, the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material contains Protected Material and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, the Receiving Party must treat such Disclosure or Discovery Material as Protected Material. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure by the Producing Party of Protected Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality either as to the specific information disclosed, or as to any other information relating thereto or on the same or related subject matter. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Protected Material as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

///

///

///

## 12.  MISCELLANEOUS

12.1  <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Redacted Information</u>:  Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity.  Each such redaction, regardless of size, will be clearly labeled.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

12.4  <u>Filing Protected Material</u>:  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 140, where possible, a Party must also seek to publicly file material with the Protected Material redacted, provided that the Court has also granted the filing of an unredacted copy of the material under seal.

12.5  <u>Electronic Notice</u>:  Transmission by electronic mail is acceptable for all notification purposes within this Order.

## 13.  FINAL DISPOSITION

Within 60 days after the final disposition, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy

such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO STIPULATED.**

Dated: July 6, 2018       **COZEN O'CONNOR and**
             **BAILEY CAVALIERI LLC**


        By: /s/ Valerie D. Rojas *(as authorized on 7/6/18)*
          Valerie D. Rojas
          Keith A. Little
          Sabrina Haurin
          Counsel for Plaintiffs/Counter-Defendants
          SCOTTSDALE INSURANCE
          COMPANY

Dated: July 6, 2018

**NEAL GERBER EISENBERG LLP**

By: /s/ Tonya G. Newman *(as authorized on 7/6/18)*
Tonya G. Newman
Counsel for CESCA THERAPEUTICS,
INC.

ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

////

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated:  July 10, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\scottsdale0142.stip.prot.ord

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I
have read in its entirety and understand the Stipulated Protective Order that was issued
by the United States District Court for the Eastern District of California on
_____in the case of *Cesca Therapeutics, Inc., v. SynGen Inc., et al.,* Case
No. 2:14-cv-02085. I agree to comply with and to be bound by all the terms of this
Stipulated Protective Order and I understand and acknowledge that failure to so comply
could expose me to sanctions and punishment in the nature of contempt. I solemnly
promise that I will not disclose in any manner any information or item that is subject to
this Stipulated Protective Order to any person or entity except in strict compliance with
the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for
the Eastern District of California for the purpose of enforcing the terms of this
Stipulated Protective Order, even if such enforcement proceedings occur after
termination of this action. I hereby appoint _____ [print or
type full name] of _____ [print or type full
address and telephone number] as my California agent for service of process in
connection with this action or any proceedings related to enforcement of this Stipulated
Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____